**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS W. SHERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 18 CV 05525 |
| | ) | |
| CITY OF CHICAGO, an Illinois Municipal Corporation, | ) | Jury Demand |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Thomas W. Sherry, by and through his undersigned attorneys, the Law Offices of Paul D. Geiger, states as follows for his Complaint against the Defendant, City of Chicago:

1. The City has violated the constitutional rights of Plaintiff, Thomas ("Tom") Sherry, by depriving him of his property rights without due process of law for an ongoing period from September 2006 to the present. Plaintiff brings this action to recover the wages, benefits, and property the City has unconstitutionally taken for him and to secure his due process rights.

## JURISDICTION

2. Jurisdiction over this action is conferred on this Court under 28 U.S.C. §§1331, 1337, and 1367(a), by virtue of the fact that Plaintiff has alleged violations under the U.S. Constitution and Federal Civil Rights Act, 42 U.S.C., §§ 1981 through 1988.

3. This court is the proper venue for this action pursuant to 28 U.S.C. §1391(b), as Defendant is a municipal corporation located in the State of Illinois, Plaintiff is a resident of the City of Chicago, and the acts giving rise to this action occurred within the confines of the Northern District of Illinois

## PARTIES

4.  Plaintiff, Tom Sherry, was hired and employed by the City of Chicago in its Department of Police as a Patrol Officer on May 5, 1997.

5.  The Defendant, City of Chicago, is a municipal corporation organized and existing under the laws of the State of Illinois. The Defendant is, and at all relevant times, has been, the employer of Plaintiff. The Chicago Police Department is a public agency of the City of Chicago engaged in law enforcement activities.

## FACTS COMMON TO ALL COUNTS

6.  In 2004, after working for several years assigned to district law enforcement, Tom Sherry was assigned to the Chicago Police Department's Special Operations Section ("SOS").

7.  In September 2006, the Chicago Police Department's SOS scandal broke and Tom Sherry was arrested and charged with multiple serious felonies including: armed violence, home invasion, residential burglary and aggravated kidnapping in the Circuit Court of Cook County. Sherry faced up to thirty years in prison if convicted, and bail was set at $2,000,000.00.

8.  Tom Sherry was only able to post bail with financial assistance from his father and friends.

9.  Following his arrest, Tom Sherry was stripped of his police powers, ordered to turn over his duty weapons, and placed in a no-pay status.

10. The Chicago Police Department would not allow Sherry to work in any capacity while the criminal charges were pending.

11. Two and one-half years after first being charged, and after Sherry had incurred hundreds of thousands of dollars in damages, all of the criminal charges were dropped on February 11, 2009.

2

12. The criminal charges were dropped because Tom Sherry is innocent. Sherry was never identified as a having committed the crimes he was charged with. Furthermore, now-deceased Chicago Police Detective Edward Farley falsely testified before a grand jury that Sherry had been identified in order to secure the criminal indictments against Tom Sherry.

13. Following the dismissal of the criminal charges in 2009, Tom Sherry was returned to restricted employment at the Chicago Police Department.

14. To date, Defendant, City of Chicago, by its Department of Police, has refused to pay Tom Sherry any backpay or benefits for the two and one-half years that he was unjustly suspended from employment and facing criminal charges, claiming that Sherry still faced the internal CPD disciplinary process.

15. Upon his return to the Department in 2009, Tom Sherry was informed that he remained stripped of all police powers and was forbidden from carrying a gun on or off duty. Those restrictions remain in place today.

16. At the time of his arrest in 2006 continuing through February 11, 2009, when all charges were dropped, the Chicago Police Department's General Order 93-3 set forth the "Complaint and Disciplinary Procedures" that were to have been followed by the Department in investigating Tom Sherry.

17. General Order 93-3 provides: "Prompt, thorough investigations will be conducted into allegations of misconduct to establish facts which can absolve the innocent and identify the guilty." (attached As Exhibit #1). Nothing has been done to absolve Tom Sherry, and the passage of twelve years can hardly be considered "prompt."

18. General Order 93-3 additionally provides that, "Department members must be protected against false allegations of misconduct." (See Exhibit #1, Page 1). Tom Sherry has received no such protection.

19. The Defendant's Department of Police failed to follow this provision of the General Order, and its successor Order(s), along with multiple others. For example, though nearly twelve years have elapsed since his arrest, and more than nine years since the charges were dropped, the Chicago Police Department's Internal Affairs Division (now referred to as a "Bureau") has never attempted to conduct an interrogation of Tom Sherry.

20. The United States Supreme Court established that an employee has a constitutionally based liberty interest in clearing his name when stigmatizing information regarding the reasons for his termination is publicly disclosed. Failure to provide a "name-clearing" hearing in such a circumstance is a violation of the Fourteenth Amendment's due process clause.

21. Though extremely stigmatizing information was repeatedly and publicly disclosed about Tom Sherry by all major Chicago TV and print media, Sherry has never received a Notification of Charges/Allegations form (CPD-44.115) to inform him, in writing, of any allegations of misconduct against him relating to his 2006 arrest. He has also never been served with an Administrative Proceedings Rights form, (CPD-44.105, Rev.10A/92), as required by General Order 93-3 and successor orders. (See Exhibit #1, Addendum).

22. The Chicago Police Department also wrongly confiscated and continues to maintain possession of Tom Sherry's duty weapons as he was forced to turn them over to his employer and have them inventoried approximately twelve years ago. Plaintiff lawfully owns

the following registered firearms, and has repeatedly requested that Defendant return them to his possession:

    a.    SIG-SAUER, P226, 9MM, SEMI-AUTO PISTOL, Serial No. U56593

    b.    SIG-SAUER, P220, .45, SEMI-AUTO PISTOL, Serial No. G369907

    c.    SIG-SAUER, P239, 9MM, SEMI-AUTO PISTOL, Serial No. SA30138

23. Defendant, without any lawful justification, destroyed the Plaintiff's .45 caliber SIG-SAUER P220 referred to in paragraph 22(b) above.

24. The Chicago Police Department's wrongful suspension and subsequent refusal to reinstate Plaintiff's police powers and lift the duty and weapon restrictions nearly twelve years after his false arrest has caused Tom Sherry to be deprived of salary and miss numerous overtime, special, and secondary employment opportunities that Chicago Police Officers routinely enjoy as he is automatically disqualified.

25. Tom Sherry has also been deprived of promotional opportunities to various positions and pay grades in the Chicago Police Department because of the City of Chicago's removal of his police powers and the duty and weapon restrictions that have essentially rendered him a civilian employee of the Department who is prohibited from working in his chosen field as a sworn police officer.

26. Plaintiff has suffered additional severe and ongoing damages as a result of Defendant's actions, including but not limited to lost wages, benefits, pension service credits and contributions, lost insurance coverage, anxiety, emotional distress and humiliation.

## COUNT I:
## VIOLATION OF DUE PROCESS RIGHTS
## (U.S. CONST., AMENDS. V AND XIV, 42 U.S.C. § 1983)

27. Plaintiff incorporates paragraphs 1 through 26 herein as if set forth verbatim.

28. The Fifth and Fourteenth Amendments of the U.S. Constitution provide in relevant part that no person shall be deprived of life, liberty or property without due process of law.

29. At all relevant times, Plaintiff Tom Sherry held a cognizable property interest in his continuing employment with the City and in the income and benefits he receives as a result of that employment.

30. As a Police Officer employed by the City of Chicago, Tom Sherry cannot be discharged or placed on long-term suspension except for cause. 65 ILCS 5/10-1-18.1. Thus, Sherry has a statutorily-created property interest in his employment and the income and benefits received from that employment.

31. Additionally, Section 8.1 of the CBA between the City of Chicago and the Fraternal Order of Police, Lodge #7 establishes that Police Officer Tom Sherry may not be suspended, relieved from duty or disciplined in any manner without just cause. (Attached as Exhibit #2). Accordingly, Plaintiff Tom Sherry also has a contractually created property interest in his employment and the income and benefits received from that employment.

32. The suspension or relief from duty of a Chicago Police Officer deprives that officer of his or her constitutionally protected property interest, even where such a suspension or relief from duty is not long-term or indefinite. In this case, Tom Sherry's suspension without pay was definitely long-term as it lasted two and one-half years while his relief from duty has lasted an unconscionable twelve years.

33. Where an individual's property interests are at issue, the individual has a right to a reasonably prompt hearing, and an employer may not indefinitely postpone the adjudication of a case where life, liberty or property are at risk.

34. Although the City has restored Tom Sherry's employment, it has failed and refused to compensate him for the two and one-half years during which he was entirely deprived of his livelihood without any due process protections and for the additional nine and one-half years where Sherry's ability to work and earn income in his chosen profession was formally and severely restricted by his employer, the City of Chicago and its Department of Police.

35. Now that twelve years have elapsed, and all potential criminal statutes of limitations have long since expired, it is clear that the City of Chicago and its Department of Police will never provide Tom Sherry with a hearing nor does it intend to make any determination of the propriety of his unpaid suspension and/or relief from police duties.

36. The prospect of Tom Sherry eventually receiving back pay based on a determination of no cause by the Police Board or an arbitrator at some point in the distant future is not sufficient to justify the continuous and unconstitutional deprivation of hundreds of thousands of dollars in lost income and opportunities.

37. The deprivation of Tom Sherry's property without due process of law is further compounded by the City's refusal or inability to even start the disciplinary process that would result in any sort of determination.

38. Plaintiff Tom Sherry brings this cause of action pursuant to 42 U.S.C. § 1983 seeking redress for the City's unconstitutional deprivation of his property rights under the color of law.

39. Plaintiff is entitled to recover his reasonable attorney's fees pursuant to 42 U.S.C. § 1988, along with the costs of this action.

WHEREFORE, Plaintiff Tom Sherry respectfully requests that this Court:

A. Enter a judgment against Defendant in an amount equal to the value of all lost wages and benefits, and interest thereon, for the period during which the City relieved Tom Sherry from duty without pay, in violation of his due process rights;

B. Enter a judgment against Defendant in an amount equal to the value of all lost wages and benefits, and interest thereon, for the ongoing nine-plus years during which the City has relieved Tom Sherry of certain duties and his police powers, causing him to be deprived of wages, work opportunities and promotions, all in violation of his due process rights;

C. Enter a judgment against Defendant for damages suffered by Plaintiff, Tom Sherry, for his emotional distress, anxiety, and humiliation;

D. Enter a judgment against Defendant enjoining it to conform and comply with the provisions of its own written disciplinary procedures;

E. Enter a judgment against Defendant enjoining it to either provide Plaintiff with the "name-clearing" hearing to which he is lawfully entitled, or return him to full duty with no restrictions;

F. Order Defendant to pay the reasonable attorney's fees and costs of Plaintiff;

G. Grant such other relief as may be just and proper.

## COUNT II:
## VIOLATION OF RIGHT TO KEEP AND BEAR ARMS
### (U.S. CONST., AMENDS. II AND XIV, 42 U.S.C. § 1983)

40. Plaintiff incorporates paragraphs 1 through 39 herein as if set forth verbatim.

41. Defendant's confiscation and maintained possession of Plaintiff's duty weapons deprived Plaintiff of the fundamental rights under the Second and Fourteenth Amendments to the U.S. Constitution to possess firearms for self-defense and to keep and bear arms.

42. Plaintiff Tom Sherry brings this cause of action pursuant to 42 U.S.C. § 1983 seeking redress for the City's deprivation of his constitutional rights.

43. Plaintiff is entitled to recover his reasonable attorney's fees pursuant to 42 U.S.C. § 1988, along with the costs of this action.

WHEREFORE, Plaintiff Tom Sherry respectfully requests that this Court:

A. Enter a judgment against Defendant declaring that its confiscation and maintained possession of Plaintiff's duty weapons violates Plaintiff's constitutional right to keep and bear arms under the Second and Fourteenth Amendments to the U.S. Constitution;

B. Enter a judgment against Defendant enjoining it to return Plaintiff's firearms to him;

C. Awarding Plaintiff his reasonable attorney's fees and costs; and

D. Awarding such other and further relief as may be equitable and proper.

### COUNT III:
### REPLEVIN
### (735 ILCS 5/19-101, *et seq.*)

44. Plaintiff incorporates paragraphs 1 through 43 herein as if set forth verbatim.

45. Plaintiff is the owner of the property described in paragraph 22(a) and 22(c) and he is lawfully entitled to the possession of those firearms.

46. Plaintiff was the owner of the property described in paragraph 22(b) that the Defendant unlawfully destroyed.

47. Defendant has wrongfully destroyed, detained and possessed Plaintiff's property.

48. Plaintiff has made demand upon the Defendant for the return of his property.

49. Defendant has not taken Plaintiff's property for any tax, assessment, or fine levied by virtue of any law of the State of Illinois against the property of Plaintiff, nor seized under any lawful process against the goods and chattels of the Plaintiff subject to such lawful process, nor held by virtue of any order for replevin against such Plaintiff.

WHEREFORE, Plaintiff Tom Sherry respectfully requests that this Court:

A. Enter a judgment against Defendant declaring that Defendant is wrongfully detaining of Plaintiff's property described herein;

B. Enter a judgment against Defendant enjoining Defendant to return said property to Plaintiff;

9

    C.       Enter a judgment against Defendant and in favor of the Plaintiff for the value of the destroyed .45 caliber firearm pursuant to 735 ILCS 5/19-120; and

    D.       Awarding such other and further relief as may be equitable and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

                                  Respectfully Submitted,

                                  *s/Paul D. Geiger*
                                  PAUL D. GEIGER

Law Offices of Paul D. Geiger
540 W. Frontage Road
Suite 3020
Northfield, Illinois 60093
(312) 609-0060