# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THOMAS W. SHERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 18 C 5525 |
| v. | ) |
| | ) Judge John Z. Lee |
| CITY OF CHICAGO, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Thomas W. Sherry has filed this lawsuit against the City of Chicago ("the City"), bringing several claims under 42 U.S.C. § 1983, as well as a state-law claim for replevin. The City has moved to dismiss Sherry's complaint under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the City's motion [17] is granted in part and denied in part.

## Background[1]

Sherry has worked for the City as a police officer since May 5, 1997. Compl. ¶ 4, ECF No. 1. He was assigned to the Special Operations Section ("SOS") of the Chicago Police Department ("CPD") in 2004. *Id.* ¶ 6. In connection with a scandal involving multiple SOS officers, Sherry was arrested and charged in 2006 with armed violence, home invasion, residential burglary, and aggravated kidnapping. *Id.* ¶ 7. Around the time of the arrest, the City confiscated Sherry's three firearms and destroyed one of them. *Id.* ¶¶ 22–23. The City then stripped Sherry of his police powers, placed him in a no-pay status, and prohibited him from working "in any capacity" while the charges remained pending. *Id.* ¶¶ 9–10.

---

[1] On review of a motion to dismiss, the Court assumes the facts alleged in the complaint are true and draws all possible inferences in the plaintiff's favor. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

After the charges were dropped in February 2009, Sherry returned to the CPD, although he was placed on "restricted employment" status. *Id.* ¶¶ 11, 13. Specifically, he "remained stripped of all police powers and was forbidden from carrying a gun on or off duty." *Id.* ¶ 15. As of the filing of this lawsuit, those restrictions remained in place. *Id.*

According to Sherry, the City has refused to pay "any backpay or benefits for the two and one-half years that he was unjustly suspended from employment and facing criminal charges" because he has yet to face the CPD's internal disciplinary process. *Id.* ¶ 14. Although the CPD operates under a general order establishing certain disciplinary procedures, including "[p]rompt, thorough investigations . . . into allegations of misconduct," the City has not filed any charges of misconduct against Sherry or conducted any investigation of him. *Id.* ¶¶ 16–19, 21.[2]

Sherry alleges that, as a result of the City's "wrongful suspension and subsequent refusal to reinstate" him, he has been deprived of "salary and . . . numerous overtime, special, and secondary employment opportunities." *Id.* ¶ 24. Moreover, he has missed out on "promotional opportunities to various positions and pay grades," because he has been effectively prohibited from working as a police officer. *Id.* ¶ 25. He states that he has lost "wages, benefits, pension service credits and contributions," and insurance coverage, and has experienced "anxiety, emotional distress[,] and humiliation." *Id.* ¶ 26.

Sherry filed this lawsuit on August 13, 2018, asserting a § 1983 claim for violation of his Fifth and Fourteenth Amendment due-process rights (Count I); a § 1983 claim for violation of his Second and Fourteenth Amendment rights (Count II); and a state-law replevin claim. (Count III).

---

[2] Attached to Sherry's response to the City's motion to dismiss is a "notification of charges/allegations" showing that on October 11, 2018—approximately two months after this lawsuit was filed—disciplinary proceedings were initiated against Sherry. *See* Pl.'s Resp. Opp. Mot. Dismiss, Ex. 1, ECF No. 25-1.

## Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Additionally, when considering a motion to dismiss, the Court accepts "all well-pleaded factual allegations as true and view[s] them in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). At the same time, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678). As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## Analysis

### I. Statute of Limitations

The City first contends that some of Sherry's claims are barred by the applicable statute of limitations. Although a complaint "need not anticipate and overcome affirmative defenses, such as the statute of limitations," a district court may dismiss a claim under Rule 12(b)(6) if the complaint reveals that the claim is unquestionably untimely. *Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 492 (7th Cir. 2017). Furthermore, a plaintiff may "plead himself out of court" if his complaint includes factual allegations that establish that he is not entitled to relief as a matter of law. *O'Gorman v. City of Chi.*, 777 F.3d 885, 889 (7th Cir. 2015).

A.      § 1983 Claims (Counts I and II)

In Illinois, the statute of limitations for a § 1983 claim is two years. *Kelly v. City of Chi.*, 4 F.3d 509, 511 (7th Cir. 1993). While state law determines the length of the limitations period, federal law determines the date of the claim's accrual. *Id.* A § 1983 claim accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Id.* (internal citations omitted). Such a claim may accrue even if "the full extent of the injury is not then known or predictable." *Amin Ijbara Equity Corp.*, 860 F.3d at 493. "Every constitutional tort actionable under § 1983 is treated as a personal injury, with the claim accruing when the injury is inflicted." *Kelly*, 4 F.3d at 511 (quoting *Diaz v. Shallbetter*, 984 F.2d 850, 855 (7th Cir. 1993)).

1.      **Due-Process Claim (Count I)**

In Count I, Sherry alleges that the City has violated his due-process rights by (1) suspending him for two and one-half years; (2) placing him on "restricted" status when he returned to work in 2009; and (3) delaying the initiation of internal disciplinary proceedings for approximately nine years. *See* Compl. at ¶¶ 27–39. The City contends that this claim is time-barred to the extent it is based on events that occurred prior to August 13, 2016 (two years before this lawsuit was filed).

To the extent that Count I alleges a due-process violation arising out of Sherry's suspension, the City is correct that such a claim is barred by the statute of limitations. Sherry's suspension from the CPD began in 2006, *id.* ¶¶ 7, 9–10, and ended in 2009, *id.* ¶ 13. Even drawing all possible inferences in Sherry's favor, the injury stemming from Sherry's suspension was complete by 2009, when he was permitted to return to work. Thus, by 2009 at the latest, Sherry knew or should have known of a possible due-process claim stemming from his suspension. *See*

*Kelly*, 4 F.3d at 511. Because he did not initiate this lawsuit until nine years later, a due-process claim based on his suspension is time-barred.

But this is the not full extent of Sherry's claims. Sherry also alleges that, from 2009 to 2018, the City failed to fully reinstate him as a police officer, "claiming that [he] still faced the internal [CPD] disciplinary process," but failing to initiate any such proceedings. Compl. ¶¶ 13–14. Sherry argues that his claims are timely due to the applicability of the continuing-violation doctrine. *See* Pl.'s Resp. Opp. Mot. Dismiss at 4, ECF No. 25 (stating that Sherry's claims "are ongoing violations due to [the City's] nine-year inaction in investigating and resolving the allegations involving [Sherry's] alleged misconduct").

The continuing-violation doctrine allows a lawsuit to be delayed until "a series of wrongful acts blossoms into an injury on which suit can be brought." *Limestone Dev. Corp. v. Vill. of Lamont, Ill.*, 520 F.3d 797, 801 (7th Cir. 2008). If the time at which "a reasonable person would realize [he] had a substantial claim" falls within the statute of limitations, then the plaintiff "can allege as unlawful the entire course of conduct that in its cumulative effect" has caused the violation. *Id*. A continuing, or cumulative, violation "arise[s] when it is not immediately apparent that the law is being violated." *Bass v. Joliet Pub. Sch. Dist. No. 86*, 746 F.3d 835, 839 (7th Cir. 2014).

Here, accepting the allegations in the complaint as true and drawing all inferences in Sherry's favor, the facts of this case are sufficient to satisfy the continuing-violation doctrine. According to Sherry, the City has spent the better part of a decade "claiming that Sherry still faced the internal [CPD] disciplinary process," and maintaining Sherry's "restricted" employment status on that basis. *See* Compl. ¶ 14. And the City has not pointed to anything in the complaint or any regulation or statute that establishes any time frame within which such disciplinary proceedings

must be commenced. Given this, it appears that the City could have instituted disciplinary proceedings at any time during the past eight years (and repeatedly informed Sherry of its right to do so). As such, Sherry's delay in filing the complaint was not entirely unreasonable, and the City has not established that the statute of limitations warrants dismissal of this claim, at least at the pleading stage.

### 2. Second Amendment Claim (Count II)

In Count II, Sherry alleges that the City has violated his rights under the Second and Fourteenth Amendments by "confiscat[ing] and maintain[ing] possession of [his] duty weapons." *Id.* ¶ 41. The City seeks dismissal of this claim as untimely, noting that it is undisputed that the seizure of Sherry's weapons occurred in 2006. Sherry responds that the City's "repeated failure to return [Sherry's] firearms to him constitutes an ongoing violation of his Second Amendment right[s] . . . and a continued deprivation of his constitutional rights." Pl.'s Resp. Opp. Mot. Dismiss at 6.

Another court in this district addressed a substantially similar claim in *Turentine v. City of Chicago*. There, the plaintiff alleged a Second Amendment violation stemming from the City's seizure of multiple weapons at the time of his arrest and subsequent failure to return the firearms after he was found not guilty. No. 13 C 5218, 2014 WL 866509, at *1 (N.D. Ill. Mar. 4, 2014). The court found that the claim was time-barred because the lawsuit had been filed "more than two years after . . . the seizure of [the] firearms." *Id.* at *2. And although the plaintiff in that case—like Sherry—alleged that the City had retained the firearms and failed to return them, the court concluded that "[t]he continued retention of [the] firearms does not affect the accrual date," because "courts have rejected the notion that the continued retention of property constitutes a continuing violation for purposes of extending the statute of limitations period, as the injury arises

6

from the initial unlawful seizure of property and the retention of the property is merely a consequence of the alleged illegal seizure." *Id.* at *2–3 (quotation marks omitted) (collecting cases).

The Court is persuaded by the reasoning of *Turentine*. As noted above, Sherry's weapons were seized in 2006, around the time of his arrest. Thus, his injury—the seizure of the firearms—was complete in 2006, and his claim accrued at that time. The City's continued retention of the weapons after that point did not constitute a continuing violation because Sherry knew, as of 2006, of the possibility of a Second and/or Fourteenth Amendment claim based on the seizure of his property. Because this lawsuit was not brought until 2018—approximately ten years after the statute of limitations on this claim had expired—the motion to dismiss is granted as to Count II.

### B.    Replevin Claim (Count III)

The City further contends that the statute of limitations also bars Count III, a state-law claim for replevin. To succeed on a replevin claim under Illinois law, a plaintiff must prove that (1) he is the owner of the relevant property, or is lawfully entitled to the possession thereof; (2) the defendant is wrongfully detaining the property; and (3) the property is not subject to any state tax, assessment, or fine. *See* 735 Ill. Comp. Stat. § 5/19-104; *First Illini Bank v. Wittek Indus., Inc.*, 634 N.E.2d 762, 763 (Ill. App. Ct. 1994). Furthermore, the plaintiff must generally allege that he made a demand for the return of the property, and that the defendant refused. *First Illini Bank*, 634 N.E.2d at 763.

While a replevin action in Illinois must generally be brought within five years, 735 Ill. Comp. Stat. 5/13-205, Illinois recognizes a one-year statute of limitations for a tort claim against a local government entity. *See* 745 Ill. Comp. Stat. 10/8-101(a); *Hudson v. Zettergen*, No. 17 C 7493, 2018 WL 4205411, at *5 (N.D. Ill. Sept. 4, 2018). Sherry now acknowledges that Count III

7

is "largely moot" because two of his firearms have been returned to him since this lawsuit was filed, but he contends that the remainder of the claim is not time-barred because "a cause of action for replevin accrues when a plaintiff demands his property and the defendant wrongfully refuses to return it." Pl.'s Resp. Opp. Mot. Dismiss at 6 (citing *First Illini Bank*, 634 N.E.2d at 763). Indeed, under Illinois law, "[a] defendant's possession of the property is not considered wrongful" until "demand has been made and refused." *First Illini Bank*, 634 N.E.2d at 763. Thus, in contrast to Sherry's due-process and Second Amendment claim (Count II), which accrued when his firearms were seized in 2006, his replevin claim did not accrue until he demanded their return and the City refused his demand. Although Sherry alleges that he has made repeated requests for the firearms' return, to no avail, *see* Compl. ¶¶ 22, 47–28, the dates of these requests—and the City's refusals—are not explicitly set forth in the complaint. As such, the Court cannot conclude at the pleading stage that Sherry's replevin claim is time-barred.³

### III. Availability of Adequate State-Law Remedies (Count I)

Additionally, the City argues that, to the extent that Count I is not time-barred, it should be dismissed due to Sherry's failure to "either avail himself of state law remedies or demonstrate that those remedies are inadequate." Def.'s Mot. Dismiss at 5, ECF No. 17. Sherry responds that no adequate state-law remedy is available.

A procedural due-process violation occurs when an employee with a constitutionally protected property right in his employment is deprived of this right without due process. *See Casna v. City of Loves Park*, 574 F.3d 420, 424–26 (7th Cir. 2009). State law defines the property right, and federal law defines the process that is due. *See Goros v. Cty. of Cook*, 489 F.3d 857, 859 (7th

---

³ In its reply brief in support of the motion to dismiss, the City contends for the first time that Count III should also be dismissed for failure to state a claim because the complaint fails to plead the required elements of a replevin claim. As this argument was not raised in the City's opening brief, it is waived. *See United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 843 (7th Cir. 2018).

Cir. 2007). Where state-law remedies for a due-process violation exist, "a plaintiff must either avail [him]self of the remedies guaranteed by state law or demonstrate that the available remedies are inadequate." *Doherty v. City of Chi.*, 75 F.3d 318, 323 (7th Cir. 1996); *see also Veterans Legal Def. Fund v. Schwartz*, 330 F.3d 937, 941 (7th Cir. 2003) (noting that there is no requirement that a plaintiff exhaust state remedies, but "this does not change the fact that no due process violation has occurred when adequate state remedies exist").

Here, the City argues that Sherry could have pursued a "variety of state-court remedies," including "mandamus, injunction, breach of contract[,] and declaratory judgment." Def.'s Mot. Dismiss at 7. The cases upon which the City relies, however, concern plaintiffs whose due-process claims were governed by state statutes or orders of state agencies and are readily distinguishable. *See, e.g., Cleven v. Soglin*, 903 F.3d 614, 617–18 (7th Cir. 2018) (employee argued city failed to obey an order of a state review board); *Ores v. Vill. of Dolton*, 152 F. Supp. 3d 1069, 1086 (N.D. Ill. 2015) (police officer argued 15-day suspension violated Ill. Comp. Stat. 5/10-2.1-17); *Keel v. Vill. of Harvey*, No. 10 C 6467, 2011 WL 249435, at *3–4 (N.D. Ill. Jan. 25, 2011) (police officers argued they were suspended without explanation in violation of Ill. Comp. Stat. 5/10-1-18); *see also Fruhling v. Champaign Cty.*, 420 N.E.2d 1066, 1069 (Ill. App. Ct. 1981) (plaintiff argued his suspension and termination violated the municipality's rules governing disciplinary action against deputy sheriffs).

By contrast, there is nothing to suggest that a police officer's placement on "restricted" duty is governed by any state statute, or that any law or procedure exists by which Sherry could have compelled the City to hold a disciplinary hearing. Similarly, whereas the plaintiffs in *Ores*, *Keel*, and *Fruhling* had been formally suspended, Sherry has not faced any disciplinary action since his return to the CPD in 2009. On the contrary, Sherry's claim is based upon the fact that

9

the City has *not* instituted disciplinary proceedings by which Sherry could contest any allegations of misconduct. He was basically held in limbo for years, while the City repeatedly claimed that it could commence disciplinary proceedings at any time (at least, according to the complaint).

Due process is a "flexible concept" and the "requirements applicable to a particular situation are highly fact-specific." *Fenje v. Feld*, 301 F. Supp. 2d 781, 799 (N.D. Ill. 2003). Given the peculiar circumstances of this case, the Court declines to dismiss Count I at this preliminary stage based on the grounds that Sherry failed to avail himself of state-law remedies.

### IV.   Name-Clearing Hearing

Although his complaint does not specifically include a claim for deprivation of a liberty interest, Sherry contends in his response to the motion to dismiss that he "has a constitutionally based liberty interest in clearing his name and his employer must provide a 'name clearing' hearing for him." Pl.'s Resp. Opp. Mot. Dismiss at 2. The City responds that Sherry's complaint fails to state a claim for deprivation of a liberty interest.

"In order to prevail on a liberty interest claim, a plaintiff must show 'that (1) he was stigmatized by the defendant's conduct, (2) the stigmatizing information was publicly disclosed, and (3) he suffered a tangible loss of other employment opportunities as a result of public disclosure.'" *Covell v. Menkis*, 595 F.3d 673, 677–78 (7th Cir. 2010) (quoting *Townsend v. Vallas*, 256 F.3d 661, 669–70 (7th Cir. 2001)). Furthermore, "[a] plaintiff must demonstrate that a named defendant was the individual who made the disclosure; a *res ipsa loquitur*[-]like approach, while perhaps sufficient to establish that someone . . . published the information, does not sufficiently establish that the someone was [a named Defendant]." *Id.* at 678 (internal quotation marks and citation omitted).

Here, although Sherry alleges that the events surrounding his criminal case were reported on television and in print media, *see* Compl. ¶ 21, his complaint contains no specific allegations that the City publicly disclosed any stigmatizing information about him. Accordingly, to the extent he attempts to state a claim for deprivation of a liberty interest, such a claim is dismissed.

**Conclusion**

For the reasons stated herein, the City's motion is granted in part and denied in part. The motion is granted as to Count I to the extent that it is based on Sherry's suspension; Count II; and his claim for deprivation of a liberty interest. The motion is denied as to the due-process claim in Count I based on Sherry's placement on restricted duty, as well as Count III. A status hearing is set for July 11, 2019, at 9:00 a.m.

**IT IS SO ORDERED.**          ENTERED 6/19/19

_____
**John Z. Lee**
**United States District Judge**